Case 1:18-cv-01423   Document 1   Filed 11/16/18   Page 1 of 8 PageID# 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

TRUSTEES OF THE PLUMBERS AND )
PIPEFITTERS NATIONAL PENSION FUND )
103 Oronoco Street )
Alexandria, VA  22314 )
)
    Plaintiffs, )
)
                v. )  Civil Action No._____
)
JOHN F. MARANDOLA d/b/a MERIT )
MECHANICAL CORPORATION )
24 Minnesota Avenue )
Warwick, RI  02888-6011 )
)
Serve: )
John F. Marandola, Owner )
Merit Mechanical Corporation )
24 Minnesota Avenue )
Warwick, RI  02888-6011 )
)
    Defendant. )
)

### COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUND
AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN
EMPLOYEE BENEFIT PLAN)

PARTIES

1.    Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective

Bargaining Agreement between the United Association Local Union No. 51 and the Defendant. The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

    2.    Defendant John F. Mardanola is an individual doing business as Merit Mechanical Corporation under the laws of the State of Rhode Island with an office located in Warwick, Rhode Island. Defendant transacts business in the State of Rhode Island as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

    3.    Defendant Merit Mechanical Corporation is a Rhode Island business existing under the laws of the State of Rhode Island with an office located in Warwick, Rhode Island. Defendant Merit Mechanical Corporation's corporate status was revoked on October 2, 2012 pursuant to information obtained from the Rhode Island Secretary of State. Defendant Merit Mechanical Corporation transacts business in the State of Rhode Island as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION

    4.    This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a). This

is an action for breach of a Collective Bargaining Agreement between an employer and labor organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement, and an action to enjoin the violation of the terms of an employee benefit plan.

## COUNT I

5. Defendant is signatory to the Collective Bargaining Agreement with United Association Local Union No. 51 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

6. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

7. Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

8. Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of May 2018 through September 2018 on behalf of members in Local 51's jurisdiction.

9. Defendant has failed to make contributions to the National Pension Fund in the amount of $14,175.00 for the months of May 2018 and June 2018 pursuant to reports submitted by Defendant.

10. Defendant has failed to submit reports to the National Pension Fund indicating the amount owed for the months of July 2018 through September 2018.

11. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the National Pension Fund.

12. Pursuant to Article VI, Section 6 of the Restated Agreement and Declaration of Trust establishing the Plumbers and Pipefitters National Pension Fund, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Fund is authorized to project the delinquent amount using the following formula:

> . . . The Trustees of may project as the amount of the delinquency (a) the average of the monthly payments actually made by the Employer for the last three (3) months for which the payments were made, or (b) the average of monthly payments made by the Employers for the last twelve (12) months for which payments were made, or (c) the average of the monthly payment documented by the remittance reports submitted by the Employer without payments for the last three (3) months, or (d) the average of the monthly payment documented by remittance reports submitted by the Employer without payments for the last twelve (12) months, or (e) the average monthly contributions determined by (i) certified payroll records required under any applicable federal, state or local law or (ii) an audit of the payroll and wage records of an Employer. . .

13. Defendant is bound to the Restated Agreement and Declaration of Trust.

14. Using report forms submitted for the last 3 months for which the Defendant actually submitted contributions to the Fund the projected delinquency for the months listed in paragraph number 10 is $11,281.26, calculated as follows:

**Local 51 – July 2018 through September 2018:**

```
11/17 -  $ 3,931.25
03/18 -  $ 3,662.50
04/18 -  $ 3,687.50
         $11,281.25 divided by 3 = $3,760.42 per month
```

[$3,760.42 x 3 months (07/18 through 09/18) = $11,281.26]

15. Pursuant to paragraphs 9 and 14 above, Defendant owes to the National Pension Fund contributions for the months of May 2018 through September 2018 in the total amount of $25,456.26.

16. Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent. The Trustees may assess liquidated damaged against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

17. Pursuant to this provision, Defendant is obligated to the National Pension Fund in the amount of $2,545.63 in liquidated damages for late payments for the months of May 2018 through September 2018.

WHEREFORE, in Count I Plaintiff Fund prays for judgment as follows:

A. In the total amount of $25,456.26 for contributions due for work performed for the months of May 2018 through September 2018, plus interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B. In the amount of $2,545.63 for liquidated damages assessed on late payments for the months of May 2018 through September 2018, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

C. For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D. For such further relief as the Court may deem appropriate.

## COUNT II

18. This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145. This is an action to enjoin violations of the terms of employee benefit plans.

19. Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 17.

20. Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund, agreed to make timely contributions to the National Pension Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 51 in order to maintain the plan of benefits provided through the National Pension Fund.

21. Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund.

WHEREFORE, in Count II Plaintiff Fund prays for judgment as follows:

A. For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date: 11/16/18

By: *[signature]*
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
jharney@odonoghuelaw.com

By: *[signature]*
Rebecca Richardson, Bar No. 80855
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.:(202)362-0041
Facsimile No.:(202)362-2640
rrichardson@odonoghuelaw.com

316403_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 16th day of November, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224

Attention:  Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC  20210

Attention:  Assistant Solicitor for
            Plan Benefits Security

_____
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
jharney@odonoghuelaw.com

316403_1